IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GORDON HILL,[1] | § | |
| | § | No. 430, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court of |
| | § | the State of Delaware |
| v. | § | |
| | § | |
| DIVISION OF CHILD SUPPORT | § | File No. CS09-02798 |
| SERVICES/CHARLOTTE FOX, | § | Petition No. 23-00529 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: May 10, 2024
Decided: July 3, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After careful consideration of the parties' briefs and the record on appeal, we conclude that the judgment below should be affirmed on the basis of and for the reasons assigned by the Family Court in its decision dated November 16, 2023. To the extent the appellant contends that he was deprived of his right to appointed counsel in the proceedings below under *Black v. Div. of Child Support Enf't*,[2] this argument is without merit. In *Black*, the Court held that an indigent parent who faces the possibility of incarceration in a State-initiated civil contempt proceeding for the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).
[2] 686 A.2d 164 (Del. 1996), *abrogated by Turner v. Rogers*, 564 U.S. 431 (2011).

parent's failure to pay court-ordered child support has a right to the appointment of counsel.[3] The proceeding below on the appellant's petition to reduce his child support obligation was not a State-initiated civil contempt proceeding in which he faced the possibility of incarceration.

NOW, THEREFORE, IT IS ORDERED, that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] *Id.* at 166.